## Ewell v. Green, et al.

(Decided December 2, 1910.)

## Appeal from Laurel Circuit Court.

Land—Locating Boundaries—Corners Control—Original Surveys—Acquiescence Therein.—In determining what land is included in a deed, the court must, if it can, determine where in fact the parties originally located the different corners. The actual location of the corners control. It is hard to believe that if these surveys which were made when all the parties were living who located the line, had not been made to the point at which the corner was actually located, the location of the line would have been acquiesced as it was. Uncertainty may now exist as to the true location of this corner when all the men are dead who located it, although there was no uncertainty at the time the old surveys in question were made, and under all the facts we conclude that the circuit court properly entered a judgment in favor of Green. The location of the corner acquiesced in when those were living who knew the facts shouud not be disturbed after their death, where many years have elapsed and time has obscured much that was then well known.

HAZLEWOOD & JOHNSON for appellant.

BROWN & NUCKOLS and W. L. BROWN for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Jarvis Jackson owned a large body of land in Laurel county. On March 3, 1855, he conveyed to Hardin Quinn a tract of 600 acres. On January 20, 1872, he conveyed to E. L. Ewell a tract of 150 acres, adjoining the Quinn tract, the deed to Ewell containing no courses and distances, but simply calling for the lines of the tracts which had been previously sold. The Quinn tract is now owned by W. F. Green, who brought this suit against Ewell to recover for certain timber which he had cut as Green claimed over the line. The case was prepared, and on final hearing a judgment was entered in favor of Green; Ewell appeals.

The issue between the parties is very simple. Both claim under Jarvis Jackson. Ewell's deed calls for Quinn's line and so the only question in the case is the proper location of the line between them. Only one line is in controversy, and one corner of that is agreed on.

The call for this line in Quinn's deed is as follows: "Thence (from a white oak) a straight line to the mouth of a dry drain on the Rocky Branch." The location of the white oak is conceded; the only question between the parties is the location of the dry drain on the Rocky Branch. Ewell claims that the point referred to in the deed is the mouth of a drain where the water runs under ground until just before it reaches Rocky Branch. Green claims that the corner is in a drain which is dry except just after a rain. The thing in dispute between the parties is a triangular piece of land containing twenty odd acres. Green introduced a number of witnesses who testified that Jarvis Jackson and his vendees who lived on the adjoining land showed them the corner at the place claimed by him. On the other hand Ewell introduced a number of witnesses who gave much the same testimony as to the corner claimed by him. The numerical weight of the evidence is with the plaintiff, but the position of the defendant is not without force that the point claimed by him accords rather with the description in the deed than the other. There are, however, three facts in the case which sustain the judgment of the circuit court. (1) Two surveys of the land are shown to have been made many years ago, when all the old men referred to were living and near the land. In both these surveys the line was run to the point claimed by the plaintiff, and no objection appears to have arisen at that time. (2) One of these surveys came about in this way. More than twenty years ago Ewell sold the timber on his tract. Green claimed that they were cutting over on him. He and Ewell then had a surveyor to come and run out the land. This surveyor then ran to the point now claimed by Green. Jarvis Jackson and the old man referred to were all living then. Ewell acquiesced in the survey. He cut up to the line thus run but no further. (3) After this survey Jarvis Jackson died. The quantity of land in Ewell's tract had not been determined. He was to pay for it by the acre. After Jarvis Jackson's death, a suit was brought for the purchase money. A survey was made to ascertain the number of acres in the tract as the amount of the purchase money depended upon the number of acres. In this survey the line was again run to the point claimed by the plaintiff.

In determining what land is included in a deed the court must if it can, determine where in fact the parties located the different corners. The actual location of the

corners control. It is hard to believe that if these surveys, which were made when all the parties were living who located the line, had not been made to the point at which the corner was actually located, the location of the line would have been acquiesced in as it was. Uncertainty may now exist as to the true location of this corner when all the men are dead who located it; although there was no uncertainty at the time the old surveys in question were made; and under all the facts we conclude that the circuit court properly entered a judgment in favor of Green. The location of the corner acquiesced in when those were living who knew the facts, should not be disturbed after their death, when many years have elapsed, and time has obscured much that was then well known.

Judgment affirmed.